

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION**

| | |
|---|---|
| FARID FATA, § | |
|     Plaintiff, § | |
| § | |
| vs. § | Civil Action No.: 2:22-4399-MGL |
| § | |
| UNITED STATES OF AMERICA, § | |
|     Defendants. § | |

**ORDER ADOPTING THE REPORT AND RECOMMENDATION
AND GRANTING DEFENDANT'S MOTION TO DISMISS**

Plaintiff Farid Fata (Fata) filed a complaint against Defendant United States of America (United States) under the Federal Tort Claims Act (FTCA), 28 U.S.C. § 2671, *et seq*.

This matter is before the Court for review of the Report and Recommendation of the Magistrate Judge (Report) recommending the Court grant the United States's motion to dismiss. The Report was made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Magistrate Judge filed the Report on August 15, 2023. The Clerk's Office docketed Fata's objections on August 25, 2023, and the United States replied on September 8, 2023. The Clerk's Office then docketed Fata's a surreply on September 12, 2023, and notices from Fata with additional documents on October 16, 2023, and November 2, 2023. The Court has reviewed the objections, as well as his arguments in his other filings, but holds them to be without merit. It will therefore enter judgment accordingly.

Fata contends prison officials failed to protect him from COVID-19 because they neglected to implement required mitigation measures, resulting in him contracting the virus (COVID claims). He also alleges prison officials failed to schedule him for urgent consultations with medical specialists (medical claim). The Report sets forth a thorough recitation of the facts of this case, which the Court will repeat only to the extent necessary to its analysis in this order.

For the most part, Fata makes nothing more than non-specific objections to the Report. Nevertheless, in an abundance of caution, the Court has teased out several arguments, which it will briefly address below.

First, Fata contends the Magistrate Judge erred by reasoning the discretionary function exception, which the Court describes below, bars his COVID claims through sovereign immunity. The United States insists his COVID claims fall squarely into the exception and thus preclude jurisdiction.

The FTCA provides for a limited waiver of the United States' sovereign immunity by allowing "the United States to be held liable in tort in the same respect as a private person would be liable under the law of the place where the act occurred." *Medina v. United States*, 259 F.3d 220, 223 (4th Cir. 2001).

But, this waiver fails to extend to

> [a]ny claim based upon an act or omission of an employee of the Government, exercising due care, in the execution of a statute or regulation, whether or not such statute or regulation be valid, or based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government, whether or not the discretion involved be abused.

28 U.S.C. § 2680(a). In other words, the United States fails to waive immunity where an action involves choice by a government actor concerning public policy. This is known as the discretionary function exception.

When determining whether the discretionary function exception applies to a claim, the Court considers whether the action or omission giving rise to the claim involves choice by the government actor or if it was mandated by statute, regulation, or policy. *Berkovitz by Berkovitz v. United States*, 486 U.S. 531, 536 (1988). This is the first prong of the analysis. Then, if the action or omission involves choice, the Court considers the second prong: whether it is "of the kind the discretionary function was designed to shield." *Id*.

Fata lists various statutes, regulations, and policies he alleges the United States to have violated, including the American Rescue Plan Act, P.L. 117-2 § 2401, 135 Stat. 4, 40 (2021); the Affordable Care Act, 42 U.S.C. § 18114; Presidential Executive Order No. 13996, 86 F.R. 7197 (Jan. 21, 2021), *reprinted in* 42 U.S.C. § 247(d) app; Coronavirus (COVID-19) Phase Nine Action Plan Memorandum, Bureau of Prisons (BOP) (Aug. 5, 2020); BOP Program Statement No. 6270.01; and BOP Program Statement No. 3420.11.

He correctly notes "federal officials do not possess discretion to violate constitutional rights or federal statutes." *Medina*, 259 F.3d at 225 (alteration omitted) (citation omitted). Yet, as the Magistrate Judge reasoned, each of the sources Fata cites merely provide guidance and bestow discretion upon federal actors to implement the policy goals in the appropriate manner.

Thus, the first prong of the discretionary function exception applies to Fata's COVID claims.

Moreover, the Court determines the freedom to implement COVID prevention protocols is exactly the kind of choice the discretionary function exception to the waiver of sovereign immunity was meant to protect. Indeed, COVID protocols implicate public policy considerations, such as balancing the goals of rehabilitation with the safety of the prison community. *See Holbrook v. United States*, 673 F.3d 341, 345 (4th Cir. 2012) ("[T]he exception preserves separation of powers by 'preventing judicial second-guessing of legislative and administrative decisions grounded in social, economic, and political policy through the medium of an action in tort.'" (quoting *United States v. S.A. Empresa de Viacao Aerea Rio Grandense (Varig Airlines)*, 467 U.S. 797, 814 (1984)) (internal quotation marks omitted) (alterations omitted)).

Therefore, the second prong of the discretionary function exception also applies here.

The Court thus has no jurisdiction to hear Fata's COVID claims. *See Williams v. United States*, 50 F.3d 299, 304–05 (4th Cir. 1995) (explaining federal courts lack jurisdiction over FTCA claims when the discretionary function exception applies).

The Court will overrule this objection. Because this issue is dispositive, the Court need not delve into Fata's remaining objections regarding Fata's COVID claims. *See Karsten v. Kaiser Found. Health Plan of Mid-Atlantic States, Inc.*, 36 F.3d 8, 11 (4th Cir. 1994) ("If the first reason given is independently sufficient, then all those that follow are surplusage; thus, the strength of the first makes all the rest dicta.").

Second, Fata objects to the Magistrate Judge's determination that he failed to exhaust his administrative remedies as to his medical claim. The United States maintains Fata's administrative claims were insufficient to allow it to investigate Fata's medical claim.

4

As an initial matter, the Fourth Circuit has held that failure to exhaust remedies in an FTCA case requires dismissal for lack of subject matter jurisdiction. *Plyler v. United States*, 900 F.2d 41, 42 (4th Cir. 1990) (holding filing an administrative claim is "jurisdictional and may not be waived" (quoting *Henderson v. United States*, 785 F.2d 121, 123 (4th Cir. 1986))).

When considering a motion to dismiss for lack of subject matter jurisdiction, "may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." *Evans v. B.F. Perkins Co.*, 166 F.3d 642, 647 (4th Cir. 1999)

Federal regulations deem a claim "to have been presented when a Federal agency receives from a claimant . . . an executed Standard Form 95 [(SF-95)] or other written notification of an incident, accompanied by a claim for money damages in a sum certain." 28 C.F.R. § 14.2(a). The notice must be "sufficient to cause the agency to investigate[.]" *Ahmed v. United States*, 30 F.3d 514, 517 (4th Cir. 1994).

Fata submitted two SF-95 requests. The evidence indicates neither request explicitly raised Fata's medical claim. Fata contends the medical records attached to the second request suffice. But, as the Magistrate Judge determined, Fata's mere attachment of medical records, without explanation, failed to adequately provide the United States notice of his claim.

To the extent that Fata argues his administrative filings under the Prison Litigation Reform Act suffice under the FTCA, that contention fails. The exhaustion requirement for a *Bivens* cause of action differs from the FTCA exhaustion procedure. Consistent with the FTCA, the BOP has adopted Program Statement 1320.06, which explains the administrative procedure for FTCA claims that arise while incarcerated. *See* BOP Program Statement 1320.06 ¶7(b) (explaining inmates should file and SF-95 form or, in the alternative, a document containing all the listed information).

Fata has failed to show his administrative filings meet those listed requirements as to his medical claim.  In other words, he has failed to show he provided the United States with notice sufficient to prompt investigation.

Therefore, Fata failed to exhaust his administrative remedies as to his medical claim and the Court thus lacks jurisdiction over this claim.  Accordingly, the Court will overrule this objection, as well.  Because this issue is dispositive, the Court need not delve into Fata's remaining objections regarding Fata's medical claim.  *See Karsten*, 36 F.3d at 11 ("If the first reason given is independently sufficient, then all those that follow are surplusage; thus, the strength of the first makes all the rest dicta.").

After a thorough review of the Report and the record in this case under the standard set forth above, the Court overrules the objections, adopts the Report to the extent it does not contradict this order, and incorporates it herein.  Therefore, it is the judgment of the Court the United States's motion to dismiss is **GRANTED**, the COVID claims are **DISMISSED WITH PREJUDICE**, and the medical claim is **DISMISSED WITHOUT PREJUDICE**.

**IT IS SO ORDERED**.

Signed this 6th day of December 2023, in Columbia, South Carolina.

s/ Mary Geiger Lewis
MARY GEIGER LEWIS
UNITED STATES DISTRICT JUDGE

*****
**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this Order within sixty days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.